UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

TIMOTHY P. WRIGHT,

    Plaintiff

v.

ATLANTIC COUNTY JUSTICE FACILITY,

    Defendant

CIV. NO. 20-18110 (RMB-AMD)

**OPINION**

BUMB, DISTRICT JUDGE

Plaintiff Timothy P. Wright, a pretrial detainee confined in the Atlantic County Justice Facility in Mays Landing, New Jersey filed this civil rights action on December 4, 2020. (Compl., Dkt. No. 1.) Plaintiff submitted an application (Dkt. No. 1-1) that establishes his financial eligibility to proceed without prepayment of the filing fee, and the Court will grant his application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a).

I. *Sua Sponte* Dismissal

When a prisoner is permitted to proceed without prepayment of the filing fee or when the prisoner pays the filing fee for a civil action and seeks redress from a governmental entity, officer or employee of a governmental entity, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and 42 U.S.C. § 1997e(c) require courts to review the complaint and *sua sponte* dismiss any claims that are (1) frivolous

or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id.

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than

2

conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II. DISCUSSION

    A. The Complaint

The only defendant named in the complaint is the Atlantic County Justice Facility. (Compl., Dkt. No. 1.) Plaintiff alleges that on January 30, 2020, while confined in the Atlantic County Justice Facility, he suffered from food poisoning after eating the food served for dinner, and he was sick for five days. (Id.) He is seeking money damages for his pain and suffering. (Id.)

    B. Claims under 42 U.S.C. § 1983

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the

3

> Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

The only defendant named in the complaint is a county jail. Prisons or jails are not "persons" who can be sued under § 1983. See Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973) (the New Jersey Prison Medical Department may not be sued under § 1983 because it is not a "person" within the meaning of the statute) (citing United States ex rel. Gittlemacker v. County of Philadelphia, 413 F.2d 84 (3d Cir. 1969), cert. denied, 396 U.S. 1046 (1970)). The Court will dismiss the § 1983 claim against Atlantic County Justice Facility with prejudice.

"The Constitution mandates that prison officials satisfy inmates' 'basic human needs—e.g., food, clothing, shelter, medical care, and reasonable safety.'" Duran v. Merline, 923 F.Supp.2d 702, 719 (D.N.J. 2013) (quoting Helling v. McKinney, 509 U.S. 25, 32 (1993)) (additional citation omitted). However, even if

Plaintiff could file an amended complaint naming a proper defendant, isolated instances of spoiled or contaminated food do not amount to a constitutional violation. See Duran v. Merline, 923 F. Supp. 2d 702, 720 (D.N.J. 2013) (collecting cases).

III. CONCLUSION

For the reasons stated above, the Court will dismiss the complaint with prejudice.

An appropriate Order follows.

DATE: **May 3, 2021**

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**